Elmer DAVIS, Regional Director of the Sixteenth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

R. G. LeTOURNEAU, INC., Respondent.

Civ. A. No. 5341.

United States District Court,
E. D. Texas,
Tyler Division.

Sept. 3, 1971.

---

14. Policies and Procedures Manual (April 1970), Ch. IX, Part II(c).

Norman W. Eckhardt, N.L.R.B., Ft. Worth, Tex., Ken T. Miller, Jr., Tyler, Tex., for petitioner.

John M. Hopper, Houston, Tex., for respondent.

## MEMORANDUM OPINION

JUSTICE, District Judge.

Before the court is the application of petitioner, National Labor Relations Board, for a temporary injunction to require respondent-employer, R. G. LeTourneau, Inc., to reinstate certain discharged employees and to restrain respondent from engaging in certain activities alleged to be unfair labor practices. This court has jurisdiction under Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j) (1965), which provides, in effect, that upon application of the Regional Director, the district court in an appropriate case may, in order to effectuate the purposes of the Act, grant a temporary injunction pending final determination of the proceeding before the Board. As a prerequisite for the granting of injunctive relief, the court must determine, first, that the Board has reasonable cause to believe that the employer is violating or has violated Section 8 of the Act; and, secondly, that under all the circumstances, the granting of injunctive relief is "just and proper." Angle v. Sacks, for and on Behalf of

NLRB, 382 F.2d 655, 658–659 (10th Cir. 1967).

■ In passing on the reasonable cause question, the court is not required to determine whether the employer is, in fact, guilty of the unfair labor practices charged. To do so would require a weighing of the evidence and a resolution of any conflicts that may exist, tasks properly within the exclusive province of the Board. The duty of this court is only to determine if the evidence presented to the Board is substantial enough to justify the Board in reasonably believing that the employer is committing or has committed unfair labor practices. Fusco for and on Behalf of NLRB v. Richard W. Kaase Baking Co., 205 F.Supp. 465, 476 (N.D.Ohio 1962).

■ The court is of the opinion that the evidence presented here satisfies the required standard and accordingly finds that the Board has reasonable cause to believe that respondent, R. G. LeTourneau, has discharged eleven of its employees for continuing to engage in union organization activities; has maintained close surveillance over its employees' union activities; has threatened its employees with loss of jobs because of their union organizational activities; has threatened its employees with discharge because they signed union authorization cards; has ordered its employees not to sign union authorization cards; and has threatened its employees with loss of their jobs for continuing to engage in union organizational activities.

Although reasonable cause exists, the court is justified in granting injunctive relief only if the circumstances also render such relief "just and proper" to prevent possible frustration of the purposes of the Act. Minnesota Mining & Mfg. Co. v. Meter for and on Behalf of NLRB, 385 F.2d 265, 270 (8th Cir. 1967). One of those purposes is the encouragement of the practice and procedure of free and private collective bargaining. Squillacote v. Generac Corp., 304 F.Supp. 435, 439 (E.D.Wis.1969). Disposition of a case by the Board, how-

ever, is a relatively slow procedure, followed many months later by the enforcing decree of the court of appeals. In the meantime, it is often possible for employers, unless put under legal restraint, to dissipate union strength and support by unfair labor practices and thereby render meaningful relief unfeasible at the conclusion of the Board proceeding. Angle v. Sacks for and on Behalf of NLRB, *supra*, 382 F.2d at 659.

■ The instant case illustrates the problem and also demonstrates the efficacy of legal restraint pending final disposition by the Board. If the union must await final disposition by the Board, the respondent by selective discharge of a few union adherents can in the meantime make manifest that the union is unable to come to the aid of those who have embraced it, thereby undermining confidence in the union. Selective discharging of union adherents, coupled with unlawful surveillance, coercion, interrogation and intimidation on the part of the respondent, can completely disrupt the union's organizational efforts until the union is, months later, finally vindicated by the order and the enforcing decree. During the intervening months, the respondent, without fear of reprisal, will have succeeded in obstructing the purpose of Congress by preventing the practice and procedure of free and private collective bargaining. No final order of the Board, however wisely drawn, can restore to the union or the employees of respondent those lost months that the organizational drive was at a standstill because of the efforts of respondent. The respondent, on the other hand, is very little inconvenienced by an order requiring it to reinstate a handful of employees to its 2000 man working force and requiring respondent to refrain from violating the law in regard to the surveillance, interrogation, and intimidation of employees concerning their union activities. *See* Reynolds v. Curley Printing Co., 247 F.Supp. 317 (W.D.Tenn.1965). Accordingly, it is

Ordered that respondent offer to Allen G. Smith, Jr., Riley W. Wiggs, Oliver C. Walker, Arnold W. Schluter, Wil-

liam L. Wylie, Jimmy D. Hall, Joseph T. Grant, Phillip Chafin, Jr., Bobby R. Hunter, James R. Spencer, and Ernest Bush, immediate and full reinstatement to their former or substantially equivalent positions without prejudice to their seniority and other rights and privileges. It is further

Ordered that respondent be, and it is hereby, enjoined from further discouraging membership in the International Molders and Allied Workers Union, AFL–CIO by discharging, by laying off, or by discriminating in any manner in regard to hiring or tenure of employees, or in regard to any term or condition of employment. It is further

Ordered that respondent be, and it is hereby, enjoined from the surveillance, interrogation, coercion, and intimidation of its employees in connection with its employees' exercise of their rights to form a labor organization, i. e., to join or assist the union; to bargain collectively through representatives of their own choosing; and to engage in collective bargaining or other mutual aid or protection.